369 F.2d 388
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LOCAL 157, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPEFITTING INDUSTRY OF the UNITED STATES AND CANADA, AFL-CIO, Respondent.
 No. 15690.
 No. 15735.
 United States Court of Appeals Seventh Circuit.
 November 10, 1966.
 
 Marcel Mallet-Prevost, Asst. Gen. Counsel, Warren M. Laddon, Allison W. Brown, Jr., Attys., N. L. R. B., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Washington, D. C., for N. L. R. B.
 Robert J. McPeak, James H. Adamson, Terre Haute, Ind., Irving Friedman, Chicago, Ill., for Local 157.
 Before HASTINGS, Chief Judge, and KNOCK and SWYGERT, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before us on the petitions of the National Labor Relations Board and Local 157, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO (Union). The Board seeks enforcement and the Union seeks review of the Board's order issued on October 1, 1965 against the Union.
 
 
 2
 The Board's decision and order are reported at 155 NLRB No. 5.
 
 
 3
 The charged unfair labor practices occurred at Sullivan, Indiana.
 
 
 4
 The Board found that the Union violated Section 8(b) (4) (i) and (ii) (B) of the National Labor Relations Act[1] by inducing and encouraging employees of subcontractors at a construction site to engage in a strike, or refusal to perform services, with an object of forcing the subcontractors to cease doing business with the project's general contractor; of forcing the general contractor to cease doing business with a manufacturer supplying the general contractor; and of forcing a subcontractor to cease handling the products of that manufacturer. The Board further found that the Union engaged in unlawful coercion of the subcontractors for the same objects.
 
 
 5
 The Board's order directs the Union to cease and desist from the unfair labor practices found, and to post appropriate notices.
 
 
 6
 In substance, the Union charges that the Board erred in finding that the Union violated the Act and that there was not substantial and sufficient evidence in the record to support the Board's findings. We do not agree.
 
 
 7
 In its reported decision and order, the Board approves the findings, conclusions and recommendations of the hearing examiner, adopts them as its own and incorporates them in its reported decision.
 
 
 8
 We have carefully examined the record in this case, together with the Board's decision and order. We find ourselves in agreement with the Board and reference is made to the report thereof at 155 NLRB No. 5.
 
 
 9
 On consideration of the briefs, oral argument, the reported decision and order and the record as a whole, we hold that there is substantial evidence to support the findings of the Board and that the Board applied the correct legal criteria thereto in arriving at its conclusions.
 
 
 10
 Finding no error, the order of the Board will be enforced and the Union's petition for review is denied.
 
 
 11
 Order enforced, review denied.
 
 
 
 Notes:
 
 
 [1]
 20 U.S.C.A. § 158(b) (4) (i) and (ii) (B)